UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED

MAR 1 9 2025

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BYRON A. MASON, | ) NO. 1:25-cr-00054-JRS-TAB   -01 |
| a/k/a Buddy, | ) |
| ADRIAN J. BULLOCK, | ) -02 |
| a/k/a A.D., | ) |
| AVERY J. BULLOCK, | ) -03 |
| CHARLES T. DUNSON, | ) -04 |
| a/k/a C-Note, | ) |
| TANESHA M. TURNER, | ) -05 |
| a/k/a Neesha, | ) |
| TRE J. DUNN, | ) -06 |
| a/k/a Trap, | ) |
| NAHAMANI I. SARGENT, | ) -07 |
| a/k/a Iri, | ) |
| a/k/a Eyes, | ) |
| EMORRIE J. DUNN, | ) -08 |
| a/k/a E, | ) |
| CHANCELOR R. WALKER, | ) -09 |
| a/k/a Chance, | ) |
| D'ERICKA LEE, | ) -10 |
| LAMAR T. BROWNING, | ) -11 |
| JOHN M. WHITFIELD, | ) -12 |
| a/k/a Weatherman, | ) |
| MARK C. MARSHALL, and | ) -13 |
| AALIYAH HACKETT, | ) -14 |
| | ) |
| Defendants. | ) |

1

## INDICTMENT

## COUNT ONE

## [Conspiracy to Distribute Controlled Substances – 21 U.S.C. § 846]

The Grand Jury charges that:

From early 2019 through December 12, 2024, in the Southern District of Indiana, Indianapolis Division, and elsewhere, BYRON A. MASON, a/k/a Buddy, ADRIAN J. BULLOCK, a/k/a A.D., AVERY J. BULLOCK, CHARLES T. DUNSON, a/k/a C-Note, TANESHA M. TURNER, a/k/a Neesha, TRE J. DUNN, a/k/a Trap, NAHAMANI I. SARGENT, a/k/a Iri, a/k/a Eyes, EMORRIE J. DUNN, a/k/a E, CHANCELOR R. WALKER, a/k/a Chance, D'ERICKA LEE, LAMAR T. BROWNING, JOHN M. WHITFIELD, a/k/a Weatherman, and MARK C. MARSHALL, did knowingly and intentionally conspire together and with other persons, known and unknown to the Grand Jury, to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

## OBJECTS OF THE CONSPIRACY

The charged conspiracy had the following objects:

1.   The distribution of 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Non-Narcotic controlled substance.

2.   The distribution of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic controlled substance.

3.   The distribution of a mixture or substance containing a detectable amount of fentanyl, a Schedule II, Narcotic controlled substance.

2

4.     The distribution of a mixture or substance containing a detectable amount of cocaine hydrochloride ("powder cocaine"), a Schedule II, Narcotic controlled substance.

5.     The distribution of a mixture or substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II, Narcotic controlled substance.

**MANNER AND MEANS**

1.     During the charged conspiracy, BYRON MASON ("MASON") maintained residences for the purpose of distributing controlled substances ("trap houses") located at 3178 North Capitol Avenue, 3663 Graceland Avenue, and 4070 Cornelius Avenue in Indianapolis, Indiana.  MASON distributed controlled substances from these trap houses together with ADRIAN BULLOCK, AVERY BULLOCK, CHARLES DUNSON ("DUNSON"), TANESHA TURNER ("TURNER"), TRE DUNN, NAHAMANI SARGENT ("SARGENT"), EMORRIE DUNN, CHANCELOR WALKER ("WALKER"), and JOHN WHITFIELD ("WHITFIELD").

2.     During the charged conspiracy, MASON's drug trafficking associates distributed controlled substances from other trap houses in Indianapolis.  The following trap houses were used by members of the conspiracy:

a.     ADRIAN BULLOCK distributed controlled substances from trap houses located at 402 West 38th Street, 2351 Wheeler Street, 5326 East

3

20th Place, and 2951 North Capitol Avenue.  BULLOCK also distributed controlled substances from his residence, located at 12453 Looking Glass Way.

b. DUNSON distributed controlled substances from trap houses located at 2517 Highland Place, 768 West 25th Street, and 402 West 38th Street.

c. TURNER and TRE DUNN distributed controlled substances from a trap house located at 2951 North Capitol Avenue.  TURNER also distributed controlled substances from a residence located at 623 West 30th Street.

d. SARGENT, WHITFIELD, and other individuals known to the Grand Jury distributed controlled substances from a trap house located at 126 West 32nd Street.

3. During the charged conspiracy, LEE distributed controlled substances for ADRIAN BULLOCK, stored controlled substances and drug proceeds for Bullock at the residence located at 12453 Looking Glass Way, and rented vehicles that ADRIAN BULLOCK used to deliver controlled substances.

4. During the charged conspiracy, LAMAR BROWNING ("BROWNING") distributed controlled substances for ADRIAN BULLOCK.

5. During the charged conspiracy, WHITFIELD and MARK MARSHALL ("MARSHALL") distributed controlled substances for SARGENT.

6. During the charged conspiracy, and over a five-month period following the arrest and incarceration of MASON on July 8, 2024, TURNER

4

transferred and caused the transfer of drug proceeds to the jail commissary account maintained by MASON and to help pay for MASON's defense attorney.

7. During the charged conspiracy, members of the conspiracy communicated over the telephone to further their drug trafficking activity. Members of the conspiracy engaged in telephone calls and text messages to coordinate their drug trafficking activity, obtain controlled substances from their sources, sell controlled substances to their customers, collect money from their customers, advise each other about law enforcement activity in their neighborhood, and discuss acts of violence committed by members of the conspiracy. Members of the conspiracy used code language during these communications to conceal their drug trafficking activity from law enforcement officers.

8. During the charged conspiracy, members of the conspiracy maintained firearms to safeguard themselves, their drug trafficking locations, their controlled substances, and their drug proceeds.

9. During the charged conspiracy, members of the conspiracy committed acts of violence and threatened to commit act of violence to intimidate drug customers and ordinary citizens living in their neighborhood, collect money owed to them by their drug customers, and protect the locations that they used to distribute controlled substances.

10. During the charged conspiracy, members of the conspiracy used CashApp to transfer drug proceeds between each other and to collect money from their drug customers.

**OVERT ACTS**

In furtherance of the conspiracy and to accomplish the object of the conspiracy, that is to distribute controlled substances, the members of the conspiracy did commit, among others, the following overt acts:

1.    On February 24, 2021, MASON delivered approximately one and one-half ounces of methamphetamine to another person.  The transaction occurred at 3663 Graceland Avenue in Indianapolis.

2.    On February 26, 2021, MASON delivered methamphetamine and either heroin or fentanyl to another person.  The transaction occurred at 3663 Graceland Avenue in Indianapolis.

3.    On March 5, 2021, MASON possessed crack cocaine, powder cocaine, fentanyl, and methamphetamine for distribution, along with a blender, digital scales, and sandwich baggies, at 3663 Graceland Avenue in Indianapolis.

4.    On or about August 5, 2022, SARGENT delivered approximately one pound of methamphetamine to MARSHALL for redistribution.

5.    On or about January 17, 2023, SARGENT delivered approximately one-half pound of methamphetamine to MARSHALL for redistribution.

6.    On or about September 20, 2023, DUNSON assaulted an individual known to the Grand Jury with a firearm ("Victim #1") because Victim #1 had communicated with DUNSON over the telephone in an indiscrete manner.

7.    On February 26, 2024, AVERY BULLOCK possessed approximately one pound of methamphetamine in the area of 8805 East 38th Street in Indianapolis.

8.    On April 18, 2024, SARGENT and WHITFIELD possessed crack cocaine, fentanyl, methamphetamine, marijuana, lactose, a mechanical scale, sandwich baggies, and 18 firearms at 126 West 32nd Street in Indianapolis. These items were seized pursuant to a state search warrant executed by the Indianapolis Metropolitan Police Department ("IMPD").

9.    On April 23, 2024, SARGENT and other individuals acting at his direction fired gunshots and threw Molotov cocktails at a residence located at 3206 North Kenwood Avenue in Indianapolis.  SARGENT engaged in this conduct under the mistaken belief that the individual residing at 3206 North Kenwood Avenue ("Victim #2") had provided information to the IMPD that led to the execution of the state search warrant at 126 West 32nd Street on April 18, 2024.

10.    On April 25, 2024, MARSHALL asked SARGENT to deliver four ounces of methamphetamine to him so that he could deliver the methamphetamine to his customers in Lafayette, Indiana.

11.    On May 9, 2024, SARGENT possessed twelve firearms, two suits of body armor, and approximately $3,473 in currency at 3040 North Kenwood Avenue in Indianapolis.

12.    On July 8, 2024, MASON possessed Oxycodone pills and $4,320 in currency in the area of 1001 North Rural Street in Indianapolis.

13.    On July 8, 2024, at MASON's direction, HACKETT delivered controlled substances that HACKETT had stored at her residence to TURNER. MASON further directed TURNER to deliver the controlled substances to a person unknown to the Grand Jury for $1,000.

14.    On September 2, 2024, MASON directed ADRIAN BULLOCK to collect $450 in drug proceeds from a person unknown to the Grand Jury and to give the money to TURNER.

15.    On September 11, 2024, ADRIAN BULLOCK delivered approximately one-eighth ounce of powder cocaine to BROWNING for redistribution.  The transaction occurred at the intersection of 40th Street and Boulevard Place in Indianapolis.

16.    On September 11, 2024, ADRIAN BULLOCK delivered approximately one-eighth ounce of heroin to BROWNING for redistribution. ADRIAN BULLOCK obtained the heroin from LEE at 12453 Looking Glass Way in Indianapolis and transported it to BROWNING.

17.    On September 12, 2024, ADRIAN BULLOCK delivered heroin to an individual known to the Grand Jury ("Individual #1") at 402 West 38th Street in Indianapolis.

18.    On September 12, 2024, TRE DUNN and TURNER assaulted an individual known to the Grand Jury ("Victim #3") at 2951 North Capitol Avenue in Indianapolis.  TRE DUNN and TURNER assaulted Victim #3 because Victim #3 had stolen controlled substances and drug proceeds from TRE DUNN.

19.    On September 13, 2024, ADRIAN BULLOCK delivered crack cocaine to an individual known to the Grand Jury ("Individual #2") at 402 West 38th Street in Indianapolis.

20.    On September 14, 2024, ADRIAN BULLOCK delivered crack cocaine to an individual known to the Grand Jury ("Individual #3").  The transaction occurred at 12453 Looking Glass Way in Indianapolis.

21.    On September 16, 2024, TRE DUNN and two other individuals assaulted an individual known to the Grand Jury ("Victim #4") because DUNN believed that a rival drug dealer had attempted to murder him, that Victim #4 knew about the murder attempt before it happened, and Victim #4 did not advise DUNN about the murder attempt.  DUNN and one of the other individuals used firearms to strike Victim #4 during the assault.

22.    On September 17, 2024, ADRIAN BULLOCK delivered crack cocaine to Individual #3.  The transaction occurred near 2351 Wheeler Street in Indianapolis.

23.    On September 23, 2024, ADRIAN BULLOCK directed another individual to deliver crack cocaine to Individual #3.  The transaction occurred at 402 West 38th Street in Indianapolis.

24.    On September 26, 2024, ADRIAN BULLOCK delivered crack cocaine to Individual #3.  The transaction occurred at 402 West 38th Street in Indianapolis.

25. On September 27, 2024, ADRIAN BULLOCK delivered heroin to Individual #1. The transaction occurred at 2351 Wheeler Street in Indianapolis.

26. On October 1, 2024, ADRIAN BULLOCK delivered crack cocaine to Individual #3. The transaction occurred at 402 West 38th Street in Indianapolis.

27. On October 9, 2024, ADRIAN BULLOCK delivered crack cocaine to Individual #3. The transaction occurred at 2951 North Capitol Avenue in Indianapolis.

28. On October 21, 2024, TURNER delivered approximately one ounce of methamphetamine, an unknown amount of fentanyl or heroin, and $20 worth of crack cocaine to Matthew Stevens in Indianapolis.

29. On October 24, 2024, at the direction of ADRIAN BULLOCK, an individual known to the Grand Jury ("Individual #4") delivered crack cocaine to Individual #3. The transaction occurred at 3738 Oslo Place in Indianapolis.

30. On October 29, 2024, TURNER delivered approximately one gram of crack cocaine to Matthew Stevens at a Burger King restaurant located at 2122 East 10th Street in Indianapolis.

31. On October 30, 2024, at the direction of DUNSON, an unidentified female delivered methamphetamine and fentanyl to Individual #1. The transaction occurred near 768 West 25th Street in Indianapolis.

32.   On November 1, 2024, TURNER delivered fentanyl to a person unknown to the Grand Jury.  The transaction occurred at 623 West 30th Street in Indianapolis.

33.   On November 2, 2024, DUNSON delivered fentanyl to Individual #1.  The transaction occurred at 768 West 25th Street in Indianapolis.

34.   On November 3, 2024, TURNER and an unknown female kidnapped an individual known to the Grand Jury ("Victim #5") at gunpoint at a residence located at 623 West 30th Street in Indianapolis.  TURNER and the unknown female transported Victim #5 in an automobile to an apartment building located at 2951 North Capitol Avenue in Indianapolis.  TURNER and the unknown female kidnapped Victim #5 because Victim #5 owed TURNER $40 for previously fronted controlled substance and Victim #5 engaged in conduct that TURNER believed may lead to law enforcement identifying 623 West 30th Street as a residence that TURNER used to store and distribute controlled substances.

35.   On November 3, 2024, TURNER, TRE DUNN, and several other persons unknown to the Grand Jury assaulted Victim #5 inside of the apartment building located at 2951 North Capitol Avenue.  During the assault, TRE DUNN discharged a firearm and shot Victim #5 in the leg.  TURNER, TRE DUNN, and the other individuals committed the assault because Victim #5 had not paid TURNER $40 for previously fronted controlled substances and Victim #5 engaged in conduct that TURNER believed may lead to law enforcement

identifying 623 West 30th Street as a residence that TURNER used to store and distribute controlled substances.

36.    On November 4, 2024, TRE DUNN and a person known to the Grand Jury ("Juvenile C.P.") assaulted Matthew Stevens after Stevens attempted to conduct a drug transaction with TURNER, TRE DUNN, and Juvenile C.P. at 623 West 30th Street in Indianapolis.  During the assault, Juvenile C.P. discharged a firearm at Stevens and killed him.

37.    On November 4, 2024, following the murder of Matthew Stevens, TURNER drove TRE DUNN and Juvenile C.P. from 623 West 30th Street to 2951 North Capitol Avenue to prevent law enforcement officers from locating and apprehending TRE DUNN and Juvenile C.P. at 623 West 30th Street.

38.    On November 4, 2024, TURNER possessed a blender, a digital scale, plastic baggies, two firearms, brass knuckles, and body armor at 623 West 30th Street in Indianapolis.

39.    On November 4, 2024, TRE DUNN possessed four firearms at 2951 North Capitol Avenue, Apartment B, in Indianapolis.

40.    On November 6, 2024, TRE DUNN possessed cocaine and marijuana.

41.    On November 8, 2024, WALKER delivered fentanyl to Individual #1.  The transaction occurred near the intersection of Southeastern Avenue and Emerson Avenue in Indianapolis.

42.    On November 19, 2024, DUNSON delivered methamphetamine to Individual #1. The transaction occurred at 768 West 25th Street in Indianapolis.

43.    On December 2, 2024, WALKER delivered fentanyl to Individual #1. The transaction occurred near 768 West 25th Street in Indianapolis.

44.    On December 5, 2024, ADRIAN BULLOCK and LEE possessed controlled substances, two digital scales containing cocaine residue, and a firearm at 12453 Looking Glass Way in Indianapolis.

45.    On December 5, 2024, ADRIAN BULLOCK possessed a digital scale containing fentanyl residue and three firearms at 2351 Wheeler Street in Indianapolis.

46.    On December 5, 2024, ADRIAN BULLOCK possessed approximately 50 grams of fentanyl and two firearms at 5326 East 20th Place in Indianapolis.

47.    On December 5, 2024, DUNSON possessed two digital scales containing cocaine residue at 768 West 25th Street in Indianapolis.

48.    On December 5, 2024, DUNSON possessed approximately $25,725 in currency, a money counting machine, a heat sealing device, digital scales, and seven firearms at 9133 West 82nd Street in Indianapolis.

49.    On December 5, 2024, EMORRIE DUNN possessed two digital scales containing cocaine residue and plastic sandwich baggies at 2646 West 60th Street.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

### [Carrying and Brandishing a Firearm During and in Relation to a Drug Trafficking Crime - 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(A)(ii)]

The Grand Jury further charges that:

On or about September 20, 2023, within the Southern District of Indiana, Indianapolis Division, CHARLES T. DUNSON, a/k/a C-Note, did carry and brandish a firearm during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States; to-wit, DUNSON possessed and brandished a firearm while assaulting an individual known to the Grand Jury ("Victim #1") during and in relation to the crime charged in Count One of this Indictment.  Specifically, DUNSON assaulted Victim #1 with the firearm because Victim #1 had communicated with DUNSON over the telephone in an indiscrete manner, which DUNSON feared may expose the drug conspiracy to law enforcement scrutiny.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 924(c)(1)(A)(ii).

## COUNT THREE

### [Possession of Methamphetamine With Intent to Distribute – 21 U.S.C. § 841(a)(1)]

The Grand Jury further charges that:

On or about February 26, 2024, within the Southern District of Indiana, Indianapolis Division, AVERY J. BULLOCK did knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine (actual), a Schedule II, Non-Narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FOUR

### [Possession of a Firearm by a Convicted Felon –
### 18 U.S.C. § 922(g)(1)]

The Grand Jury further charges that:

On or about April 18, 2024, JOHN M. WHITFIELD, a/k/a Weatherman, within the Southern District of Indiana, Indianapolis Division, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate or foreign commerce a firearm; to-wit, WHITFIELD possessed one .45 caliber Rock Island Armory Model M1911-A1 handgun, bearing serial number RIA1157047, after having sustained convictions for the following felony offenses:

(1) Battery Resulting in Bodily Injury, in Marion County, Indiana, on or about April 13, 2004;

(2) Dealing in Narcotic Drug (3 counts), in Marion County, Indiana, on or about December 7, 2010; and

(3) Alteration of Handgun Identifying Marks, in Marion County, Indiana, on or about December 7, 2010.

All in violation of Title 18, United States Code, Section 922(g)(1).

15

## COUNT FIVE

### [Retaliating Against a Witness – 18 U.S.C. § 1513(b)(2)]

The Grand Jury further charges that:

On or about April 23, 2024, within the Southern District of Indiana, Indianapolis Division, NAHAMANI I. SARGENT did knowingly attempt to engage in conduct and did engage in conduct which damaged the tangible property of another person, with the intention to retaliate against that person for providing information relating to the commission or possible commission of a Federal offense; to-wit, SARGENT and other individuals fired gunshots and threw Molotov cocktails at a residence located at 3206 Kenwood Avenue in Indianapolis and damaged the residence because SARGENT believed that the occupant of this residence ("Victim #2") had provided information to law enforcement that led to the execution of a state search warrant and the seizure of controlled substances and firearms from the residence located at 126 West 32nd Street in Indianapolis on April 18, 2024.

All in violation of Title 18, United States Code, Section 1513(b)(2).

## COUNT SIX

### [Use of Fire or Explosives – 18 U.S.C. § 844(h)(2)]

The Grand Jury further charges that:

On or about April 23, 2024, within the Southern District of Indiana, Indianapolis Division, NAHAMANI I. SARGENT did knowingly carry an explosive during the commission of a felony prosecutable in a court of the

United States; to-wit, SARGENT used Molotov cocktails to commit the offenses of Conspiracy to Distribute Controlled Substances, as charged in Count One of this Indictment, and Retaliation Against a Witness, as charged in Count Five of this Indictment.

All in violation of Title 18, United States Code, Section 844(h)(2).

## COUNT SEVEN

### [Possession of a Firearm by a Convicted Felon – 18 U.S.C. § 922(g)(1)]

The Grand Jury further charges that:

On or about May 9, 2024, within the Southern District of Indiana, Indianapolis Division, NAHAMANI SARGENT, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm in and affecting interstate or foreign commerce; to-wit, SARGENT possessed

(1) one .380 caliber Ruger Model LCP II semi-automatic handgun, bearing serial number 380606773;

(2) one 9 millimeter Masterpiece Arms Model MPA30T semi-automatic pistol, bearing serial number FX31557;

(3) one .380 caliber Bersa Model Thunder 380 Plus semi-automatic pistol, bearing serial number E86754;

(4) one 12 gauge Mossberg Model 500A pump-action shotgun, bearing serial number T476622;

(5) one 12 gauge Charles Daly Model 601 semi-automatic shotgun, bearing serial number 21SA12P-19543;

(6) one 7.62x39 millimeter Romarm Model WASR-10 semi-automatic rifle, bearing serial number A1-25073-14RO;

17

(7) one 5.56 millimeter Anderson Manufacturing Model AM-15 semi-automatic assault rifle, bearing serial number 18113283;

(8) one .22 caliber Walther Uzi semi-automatic pistol, bearing serial number W1021321;

(9) one .22 caliber Tippmann Arms Model M4022 semi-automatic pistol, bearing serial number 007668;

(10) one 7.62 caliber bolt action rifle (manufacturer unknown), bearing serial number 9130272270;

(11) one 7.62 caliber Norinco Model SKS Sporter rifle, bearing serial number 9325473; and

(12) one 20 gauge Winchester Model 37A shotgun, bearing serial number C942705

after having sustained convictions for the following felony offenses:

(1) Unlawful Possession of a Firearm by a Serious Violent Felon, in Marion County, Indiana, on or about August 5, 2014;

(2) Dealing in a Narcotic Drug, in Marion County, Indiana, on or about August 27, 2012; and

(3) Possession of Hash Oil, in Marion County, Indiana, on or about October 13, 2010.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT EIGHT

### [Unlawful Use of Communication Facility – 21 U.S.C. § 843(b)]

The Grand Jury further charges that:

On or about July 8, 2024, within the Southern District of Indiana, Indianapolis Division, BYRON MASON, a/k/a Buddy, and AALIYAH HACKETT did knowingly and intentionally use a communication facility in facilitating the commission of an act constituting a felony under the Controlled Substances

18

Act; to-wit, MASON and HACKETT communicated by telephone and agreed that HACKETT would distribute controlled substances to Tanesha Turner, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

## COUNT NINE

### [Carrying and Brandishing a Firearm During and in Relation to a Drug Trafficking Crime - 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(A)(ii)]

The Grand Jury further charges that:

On or about September 16, 2024, within the Southern District of Indiana, Indianapolis Division, TRE J. DUNN, a/k/a Trap did possess and brandish a firearm during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States; to-wit, TRE DUNN carried and brandished a firearm while assaulting an individual known to the Grand Jury ("Victim #4") during and in relation to the crime charged in Count One of this Indictment.  Specifically, TRE DUNN assaulted Victim #4 with the firearm because TRE DUNN believed that a rival drug dealer had attempted to murder him, that Victim #4 knew about the murder attempt before it happened, and Victim #4 did not advise TRE DUNN about the murder attempt

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 924(c)(1)(A)(ii) and Title 18, United States Code, Section 2.

## COUNT TEN

### [Kidnapping – 18 U.S.C. § 1201]

The Grand Jury further charges that:

On or about November 3, 2024, in the Southern District of Indiana, Indianapolis Division, TANESHA M. TURNER, a/k/a Neesha, did unlawfully and willfully seize, confine, kidnap, abduct, and carry away an individual known to the Grand Jury ("Victim #5") and hold for ransom, reward, or otherwise Victim #5, and, in committing the offense used an automobile, a means, facility, and instrumentality of interstate or foreign commerce; to-wit TURNER and a person unknown to the Grand Jury seized and abducted Victim #5 at a residence located at 623 West 30th Street in Indianapolis, and confined and carried away Victim #5 to an apartment located at 2951 North Capitol Avenue in Indianapolis, for the purpose of retaliating against Victim #5 because Victim #5 owed TURNER $40 for previously fronted controlled substances and Victim #5 engaged in conduct that TURNER believed may lead to law enforcement identifying 623 West 30th Street as a residence that TURNER used to store and distribute controlled substances.

All in violation of Title 18, United States Code, Section 1201.


## COUNT ELEVEN

### [Carrying and Brandishing a Firearm During and in Relation to a Drug Trafficking Crime - 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(A)(ii)]

The Grand Jury further charges that:

20

On or about November 3, 2024, within the Southern District of Indiana, Indianapolis Division, TANESHA M. TURNER, a/k/a Neesha, did carry and brandish a firearm during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States; to-wit, TURNER possessed and brandished a firearm while kidnapping Victim #5 and transporting Victim #5 from 623 West 30th Street in Indianapolis to 2951 North Capitol Avenue during and in relation to the crime charged in Count One of this Indictment.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 924(c)(1)(A)(ii).

## COUNT TWELVE

### [Possessing, Brandishing, and Discharging a Firearm During and in Relation to a Drug Trafficking Crime - 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii)]

The Grand Jury further charges that:

On or about November 3, 2024, within the Southern District of Indiana, Indianapolis Division, TRE J. DUNN, a/k/a Trap did possess, brandish, and discharge a firearm during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States; to-wit, TRE DUNN possessed, brandished, and discharged a firearm during and in relation to the crime charged in Count One of this Indictment.  Specifically, DUNN shot an individual known to the Grand Jury ("Victim #5") because Victim #5 had not paid Tanesha Turner $40 that he owed her for previously fronted controlled

21

substances and Victim #5 engaged in conduct that Turner believed may lead to law enforcement identifying 623 West 30th Street as a residence that Turner used to store and distribute controlled substances.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 924(c)(1)(A)(iii).

## COUNT THIRTEEN

### [Causing Death by Using a Firearm During and in Relation to a Drug Trafficking Crime - 18 U.S.C. § 924(j)(1))]

The Grand Jury further charges that:

On or about November 4, 2024, within the Southern District of Indiana, Indianapolis Division, TRE J. DUNN, a/k/a Trap did knowingly aid and abet the use of a firearm during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i), and in the course of committing a violation of Title 18, United States Code, Section 924(c)(1)(A)(i), caused the death of a person through the use of a firearm, and the killing constituted murder, as defined in Title 18, United States Code, Section 1111(a); to-wit, TRE DUNN aided and abetted the use and discharge of a firearm by an individual known to the Grand Jury ("Juvenile C.P."), during and in furtherance of the crime charged in Count One of the Indictment, which caused the murder of Matthew Stevens. Specifically, TRE DUNN and Juvenile C.P. murdered Stevens because Stevens disrespected DUNN, Juvenile C.P., and Tanesha Turner during a failed drug transaction at 623 West 30th Street in Indianapolis.

All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

## COUNT FOURTEEN

### [Accessory After the Fact - 18 U.S.C. § 3]

The Grand Jury further charges that:

On or about November 4, 2024, within the Southern District of Indiana, Indianapolis Division, TANESHA M. TURNER, a/k/a Neesha, knowing that an offense against the United States has been committed, did receive, relieve, comfort, and assist the offender, in order to hinder and prevent the offender's apprehension, trial, and punishment; to-wit, following the commission of the offense alleged in Count Thirteen of the Indictment, TURNER transported TRE J. DUNN and an individual known to the Grand Jury ("Juvenile C.P.") in an automobile from the scene of the crime, 623 West 30th Street in Indianapolis, to an apartment building located at 2951 North Capitol Avenue, to hinder and prevent the apprehension of TRE DUNN and Juvenile C.P. by law enforcement officers.

All in violation of Title 18, United States Code, Section 3.

## COUNT FIFTEEN

### [Possession of a Firearm by a Convicted Felon – 18 U.S.C. § 922(g)(1)]

The Grand Jury further charges that:

On or about November 4, 2024, within the Southern District of Indiana, Indianapolis Division, TANESHA M. TURNER, a/k/a Neesha, knowing that she

had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate or foreign commerce a firearm; to-wit, TURNER possessed

(1) one .45 caliber Glock Model 21 pistol, bearing serial number BNLG594 and

(2) one Smith & Wesson revolver, bearing serial number D941018;

after having sustained convictions for the following felony offenses:

(1) Criminal Trespass, in Marion County, Indiana, on or about November 19, 2020;

(2) Theft, in Marion County, Indiana, on or about October 12, 2010; and

(3) Possession of a Controlled Substance, in Marion County, Indiana, on or about January 13, 2009.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT SIXTEEN

### [Distribution of Methamphetamine – 21 U.S.C. § 841(a)(1)]

The Grand Jury further charges that:

On or about November 19, 2024, within the Southern District of Indiana, Indianapolis Division, CHARLES T. DUNSON, a/k/a C-Note, did knowingly and intentionally distribute 50 grams or more of a mixture or substance containing methamphetamine, a Schedule II, Non-Narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SEVENTEEN

### [Possession of a Machinegun – 18 U.S.C. § 922(o)]

The Grand Jury charges that:

On or about December 5, 2024, within the Southern District of Indiana, Indianapolis Division, CHARLES T. DUNSON did knowingly possess a machinegun; to-wit, DUNSON possessed a 9 millimeter Glock Model 17 pistol, bearing serial number BDTH850, equipped with a Machinegun Conversion Device, in violation of Title 18, United States Code, Section 922(o).

## COUNT EIGHTEEN

### [Possession of a Firearm by a Convicted Felon – 18 U.S.C. § 922(g)(1)]

The Grand Jury further charges that:

On or about December 5, 2024, within the Southern District of Indiana, Indianapolis Division, CHARLES T. DUNSON, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate or foreign commerce a firearm; to-wit, DUNSON possessed

(1) one 9 millimeter Taurus handgun, bearing serial number TDR35905,

(2) one .40 caliber Smith & Wesson Model SD40VE pistol, bearing serial number HEY9997,

(3) one 9 millimeter Taurus Model G3 pistol, bearing serial number ACM660626,

(4) one 9 millimeter Glock Model 17 pistol, bearing serial number BDTH850, with an attached Machinegun Conversion Device,

25

(5) one 5.56 caliber Diamondback AR-15 pistol, bearing serial number DB2466480

(6) one Pioneer Arms Hellpup AK-47 variant pistol, bearing serial number PAC1144398, and

(7) one 9 millimeter Glock Model 19 pistol, bearing serial number BRWU486.

after having sustained convictions for the following felony offenses:

(1) Possession of Cocaine, in Marion County, Indiana, on or about April 23, 1999,

(2) Resisting Law Enforcement, in Marion County, Indiana, on or about April 23, 1999,

(3) Resisting Law Enforcement, in Marion County, Indiana, on or about June 8, 2000,

(4) Alteration of Handgun Identifying Marks, in Marion County, Indiana, on or about November 21, 2000,

(5) Intimidation (2 counts), in Marion County, Indiana, on or about November 5, 2003,

(6) Felon in Possession of a Firearm, in the United States District Court for the Southern District of Indiana, on or about March 18, 2008, and

(7) Carrying a Handgun Without a License, in Marion County, Indiana, on or about February 10, 2016.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT NINETEEN

### [Possession of a Firearm by a Convicted Felon – 18 U.S.C. § 922(g)(1)]

The Grand Jury charges that:

On or about December 5, 2024, within the Southern District of Indiana, Indianapolis Division, ADRIAN J. BULLOCK, JR., knowing that he had been

convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate or foreign commerce a firearm; to-wit, BULLOCK possessed one 9 millimeter Glock Model 19 pistol, bearing serial number BWGM709, after having sustained convictions for the following felony offenses:

(1) Possession of Cocaine, in Marion County, Indiana, on or about June 4, 2007,

(2) Possession of Cocaine, in Marion County, Indiana, on or about January 5, 2010,

(3) Felon in Possession of a Firearm, in the United States District Court for the Southern District of Indiana, on or about July 13, 2016, and

(4) Dealing in Marijuana, in Marion County, Indiana, on or about March 29, 2016.

All in violation of Title 18, United States Code, Section 922(g)(1).

## FORFEITURE ALLEGATIONS

1.     The allegations in Counts One through Nineteen of this Indictment are realleged as if fully set forth here, for the purpose of giving the defendants notice of the United States' intent to seek forfeiture pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

2.     If convicted of the offenses set forth in Counts One through Nineteen of this Indictment, BYRON A. MASON, a/k/a Buddy, ADRIAN J. BULLOCK, a/k/a A.D., AVERY J. BULLOCK, CHARLES T. DUNSON, a/k/a C-Note, TANESHA M. TURNER, a/k/a Neesha, TRE J. DUNN, a/k/a Trap,

NAHAMANI I. SARGENT, a/k/a Iri, a/k/a Eyes, EMORRIE J. DUNN, a/k/a E, CHANCELOR R. WALKER, a/k/a Chance, D'ERICKA LEE, LAMAR T. BROWNING, JOHN M. WHITFIELD, a/k/a Weatherman, MARK C. MARSHALL, and AALIYAH HACKETT shall forfeit to the United States any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the offenses of which he or she is convicted, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses of which he or she is convicted.

3.    If convicted of the offenses set forth in Counts One through Nineteen of this Indictment, BYRON A. MASON, a/k/a Buddy, ADRIAN J. BULLOCK, a/k/a A.D., AVERY J. BULLOCK, CHARLES T. DUNSON, a/k/a C-Note, TANESHA M. TURNER, a/k/a Neesha, TRE J. DUNN, a/k/a Trap, NAHAMANI I. SARGENT, a/k/a Iri, a/k/a Eyes, EMORRIE J. DUNN, a/k/a E, CHANCELOR R. WALKER, a/k/a Chance, D'ERICKA LEE, LAMAR T. BROWNING, JOHN M. WHITFIELD, a/k/a Weatherman, MARK C. MARSHALL, and AALIYAH HACKETT shall also forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any of the offenses of which he or she is convicted.

A TRUE BILL:

FOREPERSON

JOHN E. CHILDRESS
Acting United States Attorney

28

By: _____

Bradley A. Blackington
Assistant United States Attorney